B25A (Official Form 25A) (12/11)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | | |
|---|---|---|---|
| In re | **Lodestone Operating, Inc** | Case No. | **18-33932** |
| | Debtor(s) | Chapter | **11** |

Small Business Case under Chapter 11

**LODESTONE OPERATING, INC PLAN OF REORGANIZATION, DATED MARCH 12, 2019**

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **Lodestone Operating, Inc** (the "Debtor") from, cash flow from operations and if necessary, infusion of capital from David Reavis.

This Plan provides for three classes of priority unsecured claims, four classes of secured claims, two classes of unsecured claims, and one class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01  Class 1a and 1b.

All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.02  Classes 2-7.    The claim of Classes 2-7, to the extent allowed as a secured claim under § 506 of the Code.

2.03  Classes 8, 9a and 9b    All unsecured claims allowed under § 502 of the Code.

    2.04  <u>Class 10.</u>               Equity interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

    3.01    <u>Unclassified Claims</u>.  Under section §1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

    3.02    <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code [, and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

    3.03    <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid [specify terms of treatment consistent with § 1129(a)(9)(C) of the Code].

    3.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

    4.01    Claims and interests shall be treated as follows under this Plan:

| Description (name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| **Class 1a**<br>**Texas Comptroller of Public Accts** | **$1,675** | | **Monthly Payment = $40**<br><br>**Fully amortized over four years following the Effective Date and payable in monthly installments of principal and interest at the statutory rate of interest**<br><br>**(The debtor estimates that four years following the effective date will equal five years following the petition date)** |

B25A (Official Form 25A) (12/11) – Cont.

3

| | | | |
|---|---|---|---|
| | | | _____ |
| **Class 1b**<br>**Internal Revenue Service** | $2,075.86 | | **Fully amortized over four years following the Effective Date and payable in monthly installments of principal and interest at the statutory rate of interest rate of 6%**<br><br>**(The debtor estimates that four years following the effective date will equal five years following the petition date)**<br><br>t<br><br>_____ |

      **The following charts lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:**

B25A (Official Form 25A) (12/11) – Cont.

4

| Class # | Description | Insider? | Impairment | Treatment | |
|---|---|---|---|---|---|
| 2 | Secured claim of: Interbank = <br><br> Collateral Description = a first position deed of trust evidenced by a promissory note and deed of trust securing certain oil and gas leases. <br><br> Allowed Secured Amount = $192,002.69 <br><br> Priority of lien = 1st <br><br> Principal owed = $192,002.69 <br><br> Pre-pet. arrearage = (included in $192,002.69) <br><br> Total claim = $192,002.69 | NO | impaired | Monthly payment | = $5,093 |
| | | | | Pmts Begin | 7/15/19 |
| | | | | Pmts End | On or before 7/14/23 |
| | | | | Balloon Pmt | None |
| | | | | Interest rate % | 5.25% fully amortized over 42 months paid in monthly installments of principal and interest |
| | | | | Treatment of Lien | Lien is retained and in full force and effect. |

B25A (Official Form 25A) (12/11) – Cont.

5

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment | |
|---|---|---|---|---|---|
| 3 | **Secured claim of:** **Prosperity Bank =** **Collateral Description = a first position lien evidenced by a UCC-1 financing statement and loan documents securing certain oil and gas equipment as well as a judgment lien.** **Allowed Secured Amount = 90,000 (est balance on the Effective Date)** **Priority of lien = 2nd** **Principal owed = 90,000 (est balance on the Effective Date)** **Pre-pet. arrearage = (included in 90,000)** **Total claim = 90,000 (est balance on the Effective Date)** | No | impaired | **Monthly payment** **Pmts Begin** **Pmts End** **Balloon Pmt** **Treatment of Lien** | =$5,000 months 1-16 7/15/19 **On or before 10/15/20 If Debtor and Class 3 Claimant determine there is a balance greater that $90,000, then monthly payments of $5,000 shall continue past 10/15/20 until the Class 3 Claimant is paid in full** **None** **Lien is retained and in full force and effect. When debt is paid in full, Prosperity Bank shall transfer all assets to Debtor.** |

B25A (Official Form 25A) (12/11) – Cont.

6

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 4 | **Secured claim of:** Utah State commission = <br><br>**Collateral Description** = a first position tax lien on all real and personal property of the debtor.<br><br>**Allowed Secured Amount** = $387.17<br><br>**Priority of lien** = 1st<br><br>**Principal owed** = $387.17<br><br>**Pre-pet. arrearage** = (included in $387.17 )<br><br>**Total claim** = $387.17 plus approximately $75 in accrued interest and penalties | NO | impaired | The class 4 claimant shall be paid in full on the Effective Date in an amount equal to $387.17 plus accrued interest from the date of the filing of the class 4 claimant's proof of claim the debtor estimates the accrued interest shall be approximately $75 making the total payment $462.17 |

B25A (Official Form 25A) (12/11) – Cont.

7

| Class # | Description | Insider? | Impairment | Treatment | |
|---|---|---|---|---|---|
| 5 | **Secured claim of:** **Texas Comptroller of Public Accounts =** **Collateral Description = a first position tax lien on certain assets of the Debtor** **Allowed Secured Amount = $2,251.65 and $51,067.64 = $53,319 Priority of lien = 1st** **Principal owed = $53,319** **Pre-pet. arrearage = (included in Principal Owed)** **Total claim = $53,319** ***** | No | impaired | Monthly payment | = $1,043.25 fully amortized payments with balance paid in full in the 60th month following the Effective Date through the monthly payments |
| | | | | Pmts Begin | 7/15/19 |
| | | | | Pmts End | On or before 7/14/24 |
| | | | | Balloon Pmt | None |
| | | | | Interest rate % | 6.5% |
| | | | | Treatment of Lien | Lien is retained and in full force and effect. |

B25A (Official Form 25A) (12/11) – Cont.

8

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 6 | **Secured claim of:**<br>**Utah State commission =**<br><br>**Collateral Description = a first position tax lien on all real and personal property of the debtor.**<br><br>**Allowed Secured Amount = $1,633.35**<br><br>**Priority of lien = 1st**<br><br>**Principal owed = $1,633.35**<br><br>**Pre-pet. arrearage = (included in $1,633.35)**<br><br>**Total claim = $1,633.35** | **NO** | **impaired** | **The class 6 claimant shall be paid in full on September 15, 2019 an amount equal to $1633.35 plus accrued interest of 3% from the date of the filing of the class 6 claimant's proof of claim the debtor estimates the accrued interest shall be approximately $50 making the total payment $1,683.35** |

B25A (Official Form 25A) (12/11) – Cont.

9

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 7 | **Secured claim of:** **RLI Insurance =** **Collateral Description = Bonds issued liening oil and gas wells that are currently idle which total . $144,249 of which past due premium of $20,000 is due** **Allowed Secured Amount = $20,000** **Priority of lien = 1st** **Principal owed = $20,000** **Pre-pet. arrearage = (included in $20,000** **Total claim = $20,000** | **NO** | **impaired** | **The Class 7 Claimant shall be paid $8,000 annually Commencing September 15, 2019 and each September 15, thereafter through 2023 Until the past due premium is paid in full, after which annual premiums approximating $4,000 shall continue to be made should debtor continue utilizing RLI insurance.** |

B25A (Official Form 25A) (12/11) – Cont.

10

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 8 | Unsecured claim of:<br>The Department of Interior<br><br>Collateral Description<br>= Protective Proof of Claim filed by The Department of Interior in the amount of $450,000<br><br>Allowed Amount = $450,000 which is contingent<br><br>Principal owed = $0<br><br>Pre-pet. arrearage = (N/A<br>Total claim = $450,000 of which $0 is owed | NO | unimpaired | The debtor anticipates no payments will be made to the class 8 claimant pursuant to the comments below This claim is a contingent claim as there will be no payment owing to the class 8 claimant if the debtor plugs the wells that are associated with the class 8 claim or in the alternative if the Debtor places the wells back into production or in the alternative sells the wells to another party. |

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 9a | [1122(b) Convenience Class]<br>At the time of writing of the disclosure statement the number of creditors accepting their payment as a member of Class 9a is unknown<br><br>The dollar amount of claims that potentially qualify for the Class 9a convenience class totals $ 14,339.68 meaning a potential payment of $7,169.84 could be paid by the debtor to the convenience class claimant's 30 days after the effective date if all of the creditors who qualify for treatment as a convenience Class 9a creditor elect to be paid under class 9a. | Creditors in this class are impaired | Creditors in this class whose claims are $5,000 or less may choose to reduce the amount of their claim to 50% of their allowed claim and to accept a one-time cash payment equal to 50% of their claim as payment in full on September 15, 2019 |
| 9b | General Unsecured Class creditors' claims in the general unsecured Class 9b total approximately $172,551 assuming no creditor elect to be treated as a class 9a claimant. Moreover, the 172,551 total does not include the Bureau of Land Management contingent liability of $450,000 or the Delhi disputed claim of $61,297.<br><br>The Delhi disputed claim of $61,297 is discussed below. | Creditors in this class are impaired | Bi-Annual payment =$$4,314<br><br>Pmts Begin 12/15/19<br><br>Pmts End 12/14/24<br><br>Balloon pmt $129,413<br><br>Annual Principal Reduction% 5%<br><br>Estimated percent of claim paid = 100% |

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 10 | Equity interest holders David Reavis. | unimpaired | The Debtor's principal, David Reavis will retain his interest in the Debtor as its sole shareholder |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

  5.01 <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

  5.02 <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

  5.03 <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

  6.01 <u>Assumed Executory Contracts and Unexpired Leases</u>.

  (a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII,"

  All existing leases on oil and gas wells listed are listed in Exhibit 5.1 of the Plan.

  (b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 60 days (60) days after the date of the order confirming this Plan.

## ARTICLE VII MEANS FOR
## IMPLEMENTATION OF THE PLAN

  1. *Source of Payments*

Payments and distributions under the Plan will be funded by the following:

Cash flow from operations are projected to be sufficient to make all payments under the plan.  In the event additional funds are needed to make payments under the plan, David Reavis will be available to make new value contributions to the debtor.  Historically David Reavis has made equity contributions to the debtor.

  2. *Post-confirmation Management*

The Post-Confirmation Managers of the Debtor, and their anticipated compensation, shall be as follows:

B25A (Official Form 25A) (12/11) – Cont.

13

| Name | Affiliations | Insider ? | Position | Compensation |
|---|---|---|---|---|
| **David Reavis.** | | Yes | **President, Sole shareholder** | **$4,500 per month** |
| | | | | |

# ARTICLE VIII
# GENERAL PROVISIONS

8.01    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: [Insert additional definitions if necessary].

8.02    <u>Effective Date of Plan</u>.  The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    <u>Severability</u>.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.05    <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas governs this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    <u>Corporate Governance</u>.  The corporate charter of the Debtor shall be amended to prohibit the issuance of non-voting securities and providing that no classes of equity securities shall have preference over any other classes of equity securities as to dividends, and all such other provisions as are required by § 1123(a)(6) of the Code.

# ARTICLE IX
# <u>DISCHARGE</u>

9.01.    <u>Discharge</u>.  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

# ARTICLE X

B25A (Official Form 25A) (12/11) – Cont.

14

## OTHER PROVISIONS

A. Pursuant to Code § 1123(b), the Debtor shall retain each and every claim or cause of action of any type or kind which the Debtor or Debtor-in-Possession had immediately prior to confirmation of the Plan including without restriction the avoidable transfers pursuant to 11 U.S.C. §§ 544, 545, 547, 548, 549 or 553(b) of the Code and may bring suit in the appropriate forum for such claim whether in Bankruptcy Court or otherwise.

B. The Debtor may hereafter propose amendments or modifications to this Plan after authorization from the Court and upon notice as required by the Bankruptcy Code and Bankruptcy Rules. Further, the Debtor may, post-confirmation, modify the Plan with Court approval pursuant to Code § 1127 and other provisions of the Code.

C. Unless otherwise determined by the Court or by agreement any legal issues of priority or secured status as provided by Code § 506 shall be treated according to the terms of the Plan and be binding on the creditor affected by this Plan.

D. The Debtor anticipates that the professionals previously approved by the Court will continue to provide services post-confirmation and that the Debtor shall pay those services as they are incurred.

E. The Debtor shall file an application for a final decree and file a final report when all the following conditions are met:

1. The confirmation order has become final;
2. Deposits required by the Plan, if any, have been distributed;
3. Property proposed by the Plan to be transferred, if any, has been transferred;
4. Payments proposed by the Plan have commenced;
5. There are no pending motions, contested matters or adversary proceedings;
6. All U.S. Trustee quarterly fees have been paid; and
7. If the Plan or confirmation order requires an action or event prior to the issuance of a final decree, such action or event has occurred.

In the event the above conditions have not been met and the Court has not entered a Final Decree, then the Debtor shall file a status report at least every three months from the effective date of the Plan. In addition, the Debtor shall file Monthly Operating Reports and pay quarterly fees when due to the United States Trustee's Office until a Final Decree is entered. Upon completion of the above requirements, the Debtor and U.S. Trustee will file an Agreed Order.

## SECTION XI
## PROVISIONS FOR CONTINUING JURISDICTION OF THE COURT

In addition to the concurrent jurisdiction after confirmation, which is provided for as a matter of law

B25A (Official Form 25A) (12/11) – Cont.

15

by the Bankruptcy Code and Bankruptcy Rules or otherwise in this Plan, the Court shall retain jurisdiction for the following purposes:

1.     The classification of any claim or interest, the determination of such objection as may be filed to claims, or interests, and the re-examination of the allowance of any claim or interest.

2.     The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the order of confirmation as may be necessary to carry out the purposes and intent of this Plan.

3.  To enforce and interpret the terms and conditions of this Plan.

4.  Entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations and terms of such title, rights and powers as the Court may deem necessary.

          Respectfully submitted,

          Lodestone Operating, Inc

          By: *s/David Reavis*
          David Reavis, President

**Law Office of Margaret Maxwell McClure**

**s/ Margaret Maxwell McClure**
**Margaret Maxwell McClure**
**Attorney at Law**
**909 Fannin**
**Suite 3810**
**Houston, TX 77010**
**713-659-1333**
**Fax : 713-658-0334**
**Email: margaret@mmmcclurelaw.com**